UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 07-cr-00184-WYD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

4. BRIAN HICKS, a/k/a "Solo," a/k/a "S," et al.,

    Defendants.

_____

**ORDER**
_____

THIS MATTER is before the Court on Mr. Hicks' Motion to Dismiss on Speedy Trial Grounds [ECF No. 1196], filed May 20, 2012. The Government filed its Response [ECF No. 1197] on May 29, 2012. I held a hearing on this motion on July 3, 2012. Based on my review of Mr. Hicks' motion, the Government's response, and the argument I heard during the hearing, the motion is DENIED.

**I.    Background**

Mr. Hicks was originally arraigned on May 8, 2007. However, on July 11, 2011, the Grand Jury returned a seven-count Third Superseding Indictment [ECF No. 1059] modifying the original charges. Mr. Hicks is now charged with multiple drug violations including conspiracy to distribute and possess with intent to distribute cocaine and crack cocaine in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(A)(ii)(II), 841(b)(1)(A)(iii) and 846. Counts two through five charge Mr. Hicks with various other drug related crimes while counts six and seven charge him with possession of a firearm or ammunition in violation of 18 U.S.C. § 922(g)(1) and possession of body armor in violation of 18 U.S.C.

§ 931(a)(1) and (16).

These charges arise out of events that occurred in 2006. In April of 2006, police executed search warrants at two separate residences that were alleged to be stash houses run by Mr. Hicks. During those searches, police seized numerous firearms as well as suspected crack cocaine, scales, and other assorted items commonly associated with controlled substances. Mr. Hicks was ultimately arrested on November 9, 2006, when police attempted to perform a traffic stop of a black Lexus SUV occupied by Mr. Hicks (front seat passenger) and two of his co-defednatns, Malcolm Watson (driver) and Haven Brewer (backseat passenger). Based on information gleaned from a wiretap and through surveillance, police believed Mr. Hicks was in possession of a duffel bag containing four kilograms of cocaine. The driver, Mr. Watson, initially yielded to the stop, but drove away as officers approached. A high speed chase ensued, during which officers observed a black bag being thrown out of the passenger side of the vehicle. All three defendants were eventually apprehended and arrested. During the chase, police recovered the black bag, opened it, and found what they believed to be four kilograms of cocaine, which was later confirmed by lab analysis.

Mr. Hicks eventually filed two separate motions to suppress the evidence recovered from the searches of the residences and from the traffic stop: (1) Defendant's Motion to Suppress Search of Residences [ECF No. 686], filed as a sealed document on December 12, 2008; and (2) Defendant's Motion to Suppress Stop [ECF No. 687], filed December 12, 2008. Although these motions were originally set for a hearing on April 30, 2009, the hearing was continued and reset multiple times, as explained below, by

parties for various reasons. At the time Defendant filed the instant motion to dismiss, both motions to suppress were still pending. Since then, I have denied Defendant's Motion to Suppress Search of Residences by Order dated July 3, 2012, [ECF No. 1214]. However, Defendant's Motion to Suppress Stop remains pending and therefore the argument and procedural history related to this motion are relevant to my analysis below.

In the instant motion, Mr. Hicks alleges both a constitutional violation of his Sixth Amendment right to a speedy trial as well as a violation of his statutory right to a speedy trial under the Speedy Trial Act, 18 U.S.C. § 3161, et seq. At the time this motion was filed, 1,839 days (approximately 61 months) had elapsed since Mr. Hicks was arraigned on May 8, 2007 and transferred from state to federal custody. Mr. Hicks argues this Court has allowed pretrial motions to remain pending to afford automatic exclusion under 18 U.S.C. § 3161(h)(1)(D) and as a result, Mr. Hicks has suffered prejudice due to his "indefinite confinement" in administrative segregation in the special housing unit at the Federal Correctional Institution. Specifically, he argues that the approximately four year delay, while the Motion to Suppress Stop has been "dormant and excluded time indefinitely," is problematic.

In its Response [ECF No. 1202], filed May 29, 2012, the government asserts there has not been a constitutional or statutory speedy trial violation. The Government argues that an examination of the reasons for delay shows that Mr. Hicks himself is responsible for many of the delays. These delays stem from the fact that Mr. Hicks has had five different attorneys, he requested his federal case trail his state case, and from the numerous pretrial motions he has filed. The Government also provides a timeline of the

case which demonstrates that zero days have elapsed on the speedy trial clock, given the excludable time pursuant to the Speedy Trial Act. See Government's Response at 8-14 [ECF No. 1202] (supplementing and incorporating timeline provided in Doc. No. 1094). The Government also argues that the record shows Mr. Hick actions are inconsistent with an asserted right to speedy trial and should be interpreted as a waiver. Finally, the Government argues Mr. Hicks has not made a particularized showing of prejudice, as required.

**II.     Law and Analysis**

    **a.  Sixth Amendment Right to Speedy Trial**

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy ... trial." U.S. Const. amend VI. The speedy-trial right is necessarily relative [and it is] "consistent with delays and depend[ent] upon circumstances." *Vermont v. Brillon*, —U.S. —, 129 S.Ct. 1283, 1290 (2009) (citing *Barker v. Wingo*, 407 U.S. 514, 522 (1972)). The right to a speedy trial cannot be quantified into a specific number of days or months and it does not hinge on the Defendant's specific request for a speedy trial. *Brillon*, 129 S.Ct at 1290 (citations omitted). Therefore, the right is both "amorphous" and "slippery." *Id.*

    To determine whether a defendant's Sixth Amendment right has been violated, I must balance four factors: (1) the length of the delay; (2) the reason for the delay; (3) the Defendant's assertion of his speedy trial right; and (4) whether the delay prejudiced the Defendant. *Barker*, 407 U.S. at 530. None of these factors is a necessary or sufficient condition. Rather "they are related factors and must be considered together with such

other circumstances as may be relevant." *Id.* at 533. However, the length of the delay functions as "triggering mechanism" in that until there is some delay that is "presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." *Id.* at 530.

### i. Length of Delay

In this case, Mr. Hicks has been in federal pretrial custody since May 8, 2007, when he made his initial appearance. Thus, the delay of this case is presumptively prejudicial and requires that I proceed with my analysis of the remaining factors in the *Barker* balancing test. *See e.g. United States v. Yehling*, 456 F.3d 1236, 1244 (10th Cir. 2006) (finding delay of three years and eight months presumptively prejudicial); *but see U.S. v. Gould* 672 F.3d 930, 935 (10th Cir. 2012) (delay of 1388 days between defendant's conviction and entry of final judgment was presumptively prejudicial but did not violate his Sixth Amendment right to speedy trial).

### ii. Reason for Delay

I begin by assessing the reason for the delay and determining what portion of the delay is attributable to each party. "[D]ifferent weights should be assigned to different reasons." *Barker*, 407 U.S. at 531. Moreover, "whether the government or the criminal defendant is more to blame for th[e] delay" must also be considered. *Doggett v. United States*, 505 U.S. 647, 651 (1992). Delay attributable to the Defendant does not weigh against the government, rather it weights against the Defendant. *See Gould*, 672 F.3d at 937; *see also Brillon*, 129 S.Ct. at 1290 ("Delay caused by the defense weighs against the defendant.").

Here, I find that the delay in this case is primarily attributable to Mr. Hicks. During the course of this litigation, he has had five different attorneys in four separate teams represent him; he has filed numerous pretrial motions; and Mr. Hicks has delayed hearings and sought continuances on more than one occasion. While there is no question that Mr. Hicks has a right to file multiple pretrial motions, these motions have resulted in numerous periods of excludable time and multiple continuances. Additionally, Mr. Hicks requested that his federal case trail his state murder prosecution– causing yet further delay. "Delays attributable to the defendant do not weigh in favor of a Sixth Amendment violation." *United States v. Toombs*, 574 F.3d 1262, 1274 (10th Cir. 2009). Because Mr. Hicks' actions were the primary cause of the delay, this factor weighs heavily against finding a constitutional violation. *See United States v. Abdush-Shakur*, 465 F.3d 458, 465 (10th Cir. 2006).

### iii. Defendant's Assertion of his Speedy Trial Right

"The defendant's assertion of the speedy trial right is entitled to strong evidentiary weight in determining whether the defendant is being deprived of the right." *United States v. Dirden,* 38 F.3d 1131, 1138 (10th Cir.1994). While a defendant who fails to demand a speedy trial does not inherently waive that right, "failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial." *Barker*, 407 U.S. at 532.

Mr. Hicks previously filed two separate motions to dismiss based on speedy trial violations: (1) Motion to Dismiss (Speedy Trial Act), [ECF No. 1078], filed August 4, 2011; and, (2) Motion to Dismiss Counts Six and Seven of the [Third] Superseding Indictment,

[ECF No. 1075], filed August 3, 2011.  During a hearing I held on September 16, 2011, I denied both of these motions to dismiss because the delay resulting from the pretrial motions was excludable time under the Speedy Trial Act.  *See* Minute Entry on September 16, 2011, [ECF No. 1110].

Despite these motions to dismiss, Mr. Hicks' burden of showing he desires a speedy trial is not satisfied by "merely moving to dismiss after the delay has already occurred."  *See United States v. Batie*, 433 F.3d 1287, 1291 (10th Cir. 2006).  "The question, instead, is whether the Defendant's behavior during the course of litigation evinces a desire to go to trial with dispatch."  *Id.*  Based on Mr. Hicks' own requests for continuances and his request to have his federal trial trail his state trial, Mr. Hicks' actions undermine his alleged assertion of speedy trial.  *See United States v. Tranakos*, 011 F.2d 1422, 1429 (10th Cir. 1990) ("We are unimpressed by a defendant who moves for dismissal on speedy trial grounds when his other conduct indicates a contrary desire."). Given Mr. Hicks' actions, this factor also weighs heavily against him.  *Batie*, 433 F.3d at 1291. ("Perhaps most important is whether Defendant has actively asserted his right to a speedy trial.").

### iv.  Whether the Delay Prejudiced the Defendant

Finally, I must assess whether the delay has caused prejudice to Mr. Hicks. Prejudice is assessed "in light of the particular evils the speedy trial right is intended to avert: 'pretrial incarceration; …anxiety and concern of the accused; and…the possibility that the defense will be impaired."  *Batie*, 433 F.3d at 1292 (citing *United States v. Kalady*, 941 F.2d 1090, 1095 (10th Cir. 1991)).  "The most serious of these is impairment

of the defense because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." *Id.* (citations omitted). The individual claiming the Sixth Amendment violation has the burden of showing particularized prejudice. *United States v. Toombs*, 574 F.3d 1262, 1275 (10th Cir. 2009). However, where extreme delay exists, and particularly when it is attributable to the government, a Defendant need not present specific evidence of prejudice. *See Doggett v. United States,* 505 U.S. 647, 655 (1992) (recognizing that "excessive delay presumptively compromises the reliability of a trial in ways that neither party can prove or…identify."). However, "presumptive prejudice cannot alone carry a Sixth Amendment claim without regard to the other *Barker* criteria." *Id.*

In *Doggett*, the Court held that a delay of eight and one-half years between a defendant's indictment and his arres, of which the government was responsible for approximately six years, relieved the defendant of the need to make a particularized showing of prejudice. *Id.* at 658. The *Doggett* court determined that the defendant was entitled to relief because the government's negligence had caused the delay and the government failed to persuasively rebut the presumption of prejudice. *Id.* In applying *Doggett*, the Tenth Circuit has yet to decide whether a delay of less than six years can relieve a defendant of the need to make a particularized showing of prejudice. *See Jackson v. Ray*, 390 F.3d 1254, 1264 n. 4 (10th Cir. 2004); *see also United States v. Toma*, --- F. Supp. 2d ---, *6, 2012 WL 1371434 (D. Kan. Apr. 19, 2012).

In this case, over five years have passed since Mr. Hicks' arraignment. Therefore it is unclear whether *Doggett* relieves him of the burden of making a particularized

showing of prejudice. Regardless, Mr. Hicks merely states that he has been "incarcerated for a majority of this time in administrative segregation at the Federal Correctional Institute-Special Housing Unit, and he has suffered the prejudice of the opprobrium of this federal indictment and indefinite confinement in administrative segregation." *See* Motion to Dismiss at 3 [ECF No. 1196]. On its face, this statement is an insufficient showing of prejudice. Mr. Hicks has not demonstrated that the delay has hindered his defense in any way. If anything, it is possible that the delay has helped him, since the narcotics evidence in this case was inadvertently destroyed by the Denver Police Department pursuant to an administrative kill policy. Unlike in *Doggett* where six of the eight years of delay was attributable to the Government's negligence, most of the delay in this case is attributable to Mr. Hicks, making his situation distinguishable. However, even if Mr. Hicks were entitled to presumptive prejudice given the length of the delay, this factor alone does not give rise to a constitutional violation. *Doggett*, 505 U.S. at 655.

After weighing all of the *Barker* factors, I find that Mr. Hicks has failed to demonstrate a violation of his Sixth Amendment right to a speedy trial. Next I will examine whether a violation of the Speedy Trial Act entitles Mr. Hicks to relief.

### b. Speedy Trial Act

The Speedy Trial Act requires a federal criminal trial to begin within seventy days from the filing of an information or indictment, or from the date of the defendant's initial appearance, whichever occurs later. 18 U.S.C. § 3161(c)(1). The Tenth Circuit has held that "[t]he Act serves two distinct interests: (1) to protect a defendant's right to a

speedy indictment and trial, and (2) to serve the public interest in ensuring prompt criminal prosecutions. *Zedner v. United States*, 547 U.S. 489, 126 S.Ct. 1976, 1985, 164 L.Ed.2d 749 (2006) (emphasizing that the Act intended not only to protect defendant's right to speedy trial, but also 'designed with the public interest firmly in mind'); *United States v. Vogl*, 374 F.3d 976, 982 (10th Cir. 2004)." *United States v. Williams*, 511 F.3d 1044, 1047 (10th Cir. 2007). The Tenth Circuit has further stated that "[i]n balancing these two often-competing interests, the Act provides a detailed scheme under which a number of specified intervals are excluded from the seventy-day computation, thus tolling the speedy trial calendar. " *Id*; *see also* 18 U.S.C. § 3161(h).

Among periods of delay which may be excluded is "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." § 3161(h)(1)(D). In this case, the Motion to Suppress Stop was filed on December 18, 2008 and the hearing was concluded on July 3, 2012. Although the period of delay in resolving the motion is lengthy, a review of the record is helpful to understand why the motion was pending for so long while speedy trial remained tolled.

This motion was originally set for a hearing on April 30, 2009. The Government had witnesses available to testify, but I granted Defendant's oral request for a continuance at that hearing because counsel for the Defendant needed more time to review the discovery. The motion as reset for hearing on July 2, 2009 and the Government presented three of its witnesses. However, after Mr. Hicks himself interrupted the hearing to express his dissatisfaction with his attorney, I granted another

continuance at the Defendant's request and reset the hearing for August 19, 2009. See Transcript of Motion Hearing at 50-51 (July 2, 2009), [ECF No. 1158]. Prior to the hearing, I granted a third continuance at the Defendant's request due to attorney illness.

The motion was reset for hearing on November 20, 2009, but prior to the hearing Mr. Hicks' attorney moved to withdraw from the case. Although I denied the motion to withdraw, I vacated the motions hearing and ordered the parties to file a status report. New co-counsel was appointed to represent Mr. Hicks on December 22, 2009. The motion was reset for hearing on April 1, 2010, but continued a fourth time at Defendant's request to allow co-counsel to familiarize herself with the case. The hearing was reset for June 4, 2010 but continued June 22, 2010, this time at the Government's Request due to a conflicting court date. On May 28, 2010, Mr. Hicks' original counsel renewed her motion to withdraw. On June 9, 2010, I granted original counsel permission to withdraw, and his previously appointed co-counsel was directed to proceed as primary counsel.

On June 22, 2010, I held a status conference but did not move forward with the motions because counsel for Mr. Hicks, who had been appointed six months earlier, requested more time to prepare. At this hearing, Mr. Hicks requested that his federal case trail his state case. See Transcript of Status Conference at 4 (June 22, 2010). This request was memorialized in Mr. Hicks' motion for an ends of justice continuance, [ECF No. 920], filed July 15, 2010.[1] After the state trial was completed in January 2011, I held status conferences in this case on May 9, 2011 and August 12, 2011. On July 12, 2011, the United States sought and obtained a Superseding Indictment and numerous

---

[1] This motion was ultimately withdrawn by the Defendant because the time period at issue was excludable under the Speedy Trial Act due to other pending motions. See Transcript of Motions Hearing at 25 (September 16, 2011).

additional pretrial motions were subsequently filed by the Defendant.   These new motions were addressed at a hearing I held on September 16, 2011.   However, a portion of the hearing relating to the Motion to Suppress Stop was set for December 16, 2011.

On December 16, 2011, I again continued the portion of the hearing relating to the Motion to Suppress Stop, in light of Mr. Hicks' motion for an order to show cause, which related to a Denver Police Department (DPD) subpoena for documents from the traffic stop.   At the hearing, Mr. Hicks' attorney, indicated she did not want to address the Motion to Suppress Stop until the documents and records were received from the subpoena served on the DPD.   Furthermore, I wanted the Government to have the opportunity to review and respond to the order to show cause and the DPD subpoena. The Government did so, and provided additional discovery to the Defendant in January 2012.   The hearing on the Motion to Suppress Stop was concluded on July 3, 2012.

Despite the amount of time that has passed, all of this time is excludable pursuant to § 3161(h)(1)(D) because this period represents the time from the filing of the motion through the conclusion of the hearing.   *See also United States v. Young*, 45 F.3d 1405, 1411-12 (10th Cir. 1995) (entire period from filing of the motion to suppress until resolution of the motion is excludable).   In light of the excludable time and based upon my review of the file and the Government's time-line detailing the history of this motion, there are still seventy days on the Speedy Trial clock.   Mr. Hicks does not dispute this calculation.   Therefore, I find that no violation of the Speedy Trial Act has occurred.

### III.   Conclusion

Based on my analysis above, I find that Mr. Hicks has failed to demonstrate a

violation of his Sixth Amendment right to a speedy trial or a violation of his rights under the Speedy Trial Act. Accordingly, it is

ORDERED that Mr. Hicks' Motion to Dismiss on Speedy Trial Grounds [ECF No. 1196], filed May 20, 2012 is **DENIED.**

Dated: August 1, 2012

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge